UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DUSTIN WEDEL, Individually and On Behalf of All Others Similarly Situated, Plaintiff, <br><br> v. <br><br> VAUGHN ENERGY SERVICES, LLC, Defendant. | § § § § § § § § § § CIVIL ACTION NO: 2:15-cv-00093 |

## **ORIGINAL ANSWER SUBJECT TO MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Vaughn Energy Services, LLC ("VES"), named as a Defendant in this case, enters its appearance subject to its previously filed Motion to Dismiss under Fed. R. Civ. P. 12(b), and in support thereof would respectfully show:

1.      The named Defendant denies the averments in Paragraph 1 of Plaintiff's Original Collective Action Complaint. VES denies that it is a proper defendant.

2.      VES denies the averments in Paragraph 2 of Plaintiff's Original Collective Action Complaint.

3.      VES admits that, if this case should go forward, venue is proper in the Corpus Christi Division of the Southern District of Texas, as alleged in Paragraph 3 of Plaintiff's Original Collective Action Complaint.

4.      VES denies the averments in Paragraph 4 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

5.      VES denies the averments in Paragraph 5 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

6. VES denies the averments in Paragraph 6 of Plaintiff's Original Collective Action Complaint.

7. VES denies the averments in Paragraph 7 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

8. VES denies the averments in Paragraph 8 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

9. VES denies the averments in Paragraph 9 of Plaintiff's Original Collective Action Complaint.

10. VES denies the averments in Paragraph 10 of Plaintiff's Original Collective Action Complaint.

11. VES denies the averments in Paragraph 11 of Plaintiff's Original Collective Action Complaint.

12. VES denies the averments in Paragraph 12 of Plaintiff's Original Collective Action Complaint.

13. VES denies the averments in Paragraph 13 of Plaintiff's Original Collective Action Complaint.

14. VES denies the averments in Paragraph 14 of Plaintiff's Original Collective Action Complaint.

15. VES denies the averments in Paragraph 15 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

16. VES denies the averments in Paragraph 16 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

17. VES denies the averments in Paragraph 17 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

18. VES denies the averments in Paragraph 18 of Plaintiff's Original Collective Action Complaint as it relates to the named Defendant.

19. VES denies the averments in Paragraph 19 of Plaintiff's Original Collective Action Complaint.

20. VES denies the averments in Paragraph 20 of Plaintiff's Original Collective Action Complaint.

21. VES denies the averments in Paragraph 21 of Plaintiff's Original Collective Action Complaint.

22. VES denies the averments in Paragraph 22 of Plaintiff's Original Collective Action Complaint.

23. VES denies the averments in Paragraph 23 of Plaintiff's Original Collective Action Complaint.

24. VES denies the averments in Paragraph 24 of Plaintiff's Original Collective Action Complaint.

25. VES denies the averments in Paragraph 25 of Plaintiff's Original Collective Action Complaint.

26. VES denies the averments in Paragraph 26 of Plaintiff's Original Collective Action Complaint.

27. VES denies the averments in Paragraph 27 of Plaintiff's Original Collective Action Complaint.

28. VES denies the averments in Paragraph 28 of Plaintiff's Original Collective Action Complaint.

29. VES denies the averments in Paragraph 29 of Plaintiff's Original Collective Action Complaint.

30. VES denies the averments in Paragraph 30 of Plaintiff's Original Collective Action Complaint.

31. VES denies the averments in Paragraph 31 of Plaintiff's Original Collective Action Complaint.

32. VES denies the averments in Paragraph 32 of Plaintiff's Original Collective Action Complaint.

33. VES denies the averments in Paragraph 33 of Plaintiff's Original Collective Action Complaint.

34. The averments in Paragraph 34 of Plaintiff's Original Collective Action Complaint do not contain any matter which must be admitted or denied.

35. Regarding Paragraph 35 of Plaintiff's Original Collective Action Complaint, VES denies that the Plaintiff is entitled to any of the relief requested.

36. VES asserts a general denial as to the allegations in Plaintiff's Complaint except as admitted otherwise.

## AFFIRMATIVE DEFENSES

37. The Defendant is not properly named.

38. VES pleads all applicable statutes of limitations, including particularly the limitation periods set forth the Fair Labor Standards Act, 29 U.S.C. § 216(b) and applicable case law.

39.     To the extent that VES may have any liability to Plaintiff or other claimants, all actions of the named Defendant, to the extent applicable, were not willful but instead were lawful and taken in good faith belief of the legality of such actions, and in accordance with interpretations of law and in accordance with long-established industry standards.

40.     To the extent applicable, any state law claim and any other claim asserted by any plaintiff in this proceeding are preempted by the Fair Labor Standards Act.

41.     VES is entitled to all lawful offsets and credits to which it may be entitled, for payments made to Plaintiff or any person shown to be similarly situated.

42.     Any claim against VES is *de minimis* and otherwise not appropriate for relief, because Plaintiff and any person shown to be similarly situated was fully compensated.

43.     Plaintiff's own conduct and the conduct of any person shown to be similarly situated bars their claims for relief.

44.     VES asserts all applicable caps and limitations on recovery.

45.     VES, should any claim of any Plaintiff proceed against it, reserves the right to make additional pleadings as necessary.  This Answer shall serve as the answer of any proper defendant, in the absence of further pleading and to the limited extent but fully as necessary to protect the interests of proper parties.

WHEREFORE, PREMISES CONSIDERED, the named Defendant, Vaughn Energy Services, LLC, respectfully prays that all claims by Plaintiff or related to the allegations of Plaintiff be dismissed or denied, and that the named Defendant have all relief, at law and in equity, to which it may be justly entitled.

        Respectfully submitted,

        **WOOD, BOYKIN & WOLTER, P.C.**
        Of Counsel

By:  /s/ Frederick J. McCutchon
        Frederick J. McCutchon
        **Attorney in Charge**
        Federal I.D. No. 9245
        State Bar No. 13512800
        Of Counsel:
        George Schimmel
        Federal I.D. No. 2338068
        State Bar No. 24033039
        615 N. Upper Broadway, Suite 1100
        Corpus Christi, Texas 78477
        (361) 888-9201
        (361) 888-8353 (facsimile)
        fjm@wbwpc.com
        vgs@wbwpc.com

        **ATTORNEYS FOR DEFENDANT**
        **VAUGHN ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of May 2015, a true and correct copy of the foregoing has been forwarded to all parties as indicated below.

*Electronic Mail (via cm/ecf system):*
Michael A. Josephson
Lindsey R. Itkin
Andrew W. Dunlap
Fibich, Leebron, Copeland, Briggs & Josephson
1150 Bissonnet Street
Houston, Texas 77005
(713) 751-0025
(713) 751-0030 – fax
mjosephson@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com

Richard J. (Rex) Burch
Bruckner Burch P.L.L.C.
Fed Id. 21615
State Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788
(713) 877-8065 – fax
rburch@brucknerburch.com

**Attorney for Plaintiffs**                                        /s/*Frederick J. McCutchon*
                                                                    Frederick J. McCutchon

6775-3\Pleadings\Dfts Orig Answer 0514-24-29