UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DUSTIN WEDEL, individually and on behalf of all others similarly situated** | § § § | Docket No. 2:15-cv-00093 |
| **Plaintiff,** | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| | § § | |
| **GYRO TECHNOLOGIES, INC.** | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| **Defendant.** | § | |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff originally filed suit against Vaughn Energy Services, LLC ("VES") for its failure to pay its Survey Engineers (also known or formerly known as "Gyroscopic Wellbore Survey Engineers," "Gyro Survey Engineers," "Field Survey Engineers," and "Gyro Operators") overtime as required by the Fair Labor Standards Act ("FLSA") and/or state overtime laws. Plaintiff alleged that VES pays its Survey Engineers a base salary and a day-rate. Plaintiff Dustin Wedel ("Plaintiff" or "Wedel") worked for VES as Survey Engineer and brings this collective action to recover the unpaid wages and other damages owed to him and all others similarly situated who worked at VES as Survey Engineers during the relevant time period.

2. After suit was filed, the parties conferred and counsel for VES has represented that Gyro Technologies, Inc. ("GTI") is the proper name of VES. GTI is also the employer for purposes of this FLSA collective action and is the entity responsible for paying the Survey Engineers a salary and a day-rate without overtime compensation.

## JURISDICTION & VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question. 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the relevant events occurred in this District and Division.

5. GTI's corporate headquarters is located in Robstown, Nueces County, Texas located within this District and Division. GTI is the proper name of VES.

## PARTIES

6. Wedel is a Survey Engineer who was employed by GTI and paid a salary plus a day-rate with no overtime compensation for the hours that he worked in excess of forty (40) hours each week. Wedel worked for GTI from approximately April 2012 through April 2014. His written consent to become a party Plaintiff to this action has been filed with the Court.

7. Wedel is a member of the Putative Class. The Putative Class consists of:

**ALL SURVEY ENGINEERS EMPLOYED BY GYRO TECHNOLOGIES, INC. THE PAST THREE (3) YEARS.**

## FLSA COVERAGE

8. GTI was and is an employer of the Survey Engineers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d). It employed, paid, supervised, and controlled, Plaintiff and the Putative Class.

9. GTI was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. GTI was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). GTI employs hundreds of workers who are engaged in commerce or in the production of goods for

commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

### FACTS

11. GTI supplies a range of directional survey services and technologies to the oilfield industries.

12. Within the last three (3) years, GTI has employed numerous Survey Engineers who conduct directional surveys for GTI's clients. These activities require the Survey Engineers to work 60 to 80 hours a week or more. These Putative Class members are subject to FLSA coverage.

13. All of GTI's Survey Engineers adhere to the same policies and procedures and receive a day-rate and a salary without overtime compensation.

14. Plaintiff is a typical member of the Putative Class and worked for Defendant within the statutory time period. His primary job duties included operating survey equipment, collecting/relaying data, and reporting his daily activities to his supervisors.

15. Plaintiff's activities were routine and largely governed by standardized and predetermined practices. Wedel's job functions are primarily manual labor/technical in nature. No supervisory or management duties are required.

16. Wedel's job functions require little to no official training, education or experience.

17. An advanced degree is not required to be a Survey Engineer.

### **Survey Engineers Are Similarly Situated**

18. For the purposes of an FLSA overtime claim, all Survey Engineers performed substantially similar job duties related to drilling in the field.

19. Survey Engineers worked similar hours and were all denied overtime as a result of the same illegal pay practice.

20. All these workers were regularly scheduled to work, and did work, in excess of forty (40) hours per workweek.

21. Instead of paying them overtime, GTI pays its Survey Engineers a base salary plus a day-rate.

22. GTI did not pay any members of the Putative Class overtime for any and all hours worked in excess of forty (40) hours in a single work week.

23. As the controlling law makes clear, the manual labor/technical duties performed by Plaintiff (and those similarly situated to them) are *non*-exempt work. Therefore, GTI owes back overtime wages to hundreds of its Survey Engineers, all of whom work long hours each workweek.

## FLSA VIOLATIONS

24. GTI violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing Survey Engineers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

25. GTI knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay overtime to Survey Engineers. GTI's failure to pay overtime to these workers was neither reasonable, nor was the decision not to pay overtime made in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

26. In addition to Plaintiff, other employees have been subjected to GTI's illegal policy of paying a salary plus day-rate, with no overtime pay for hours worked in excess of forty (40) in a workweek.

27. Other members of the Putative Class have been paid in the same manner as Plaintiff.

28. GTI failed to pay all these workers for overtime hours worked in the manner required by the FLSA.

29. It is common knowledge that GTI pays its Survey Engineers on a salary plus day-rate basis.

30. Plaintiff is aware that GTI's pay practice has been imposed on members of the Putative Class.

31. All potential members of the Putative Class were paid on a salary plus day-rate basis, regularly worked in excess of forty (40) hours per week, and were not paid overtime. These employees are victims of GTI's unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

32. GTI's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices that are not dependent on the personal circumstances of the Plaintiff or the class he represents. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class.

33. The specific job titles or precise job locations of the various class members do not prevent collective treatment. All of the Survey Engineer class members are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of

damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

35. WHEREFORE, Plaintiffs pray for the following relief against GTI:

   a) An order certifying this case as a collective action;

   b) An order finding GTI liable for unpaid back wages due to Plaintiff and those similarly situated and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   c) An order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   d) An order awarding Plaintiff and those similarly situated their attorneys' fees;

   e) Judgment awarding Plaintiff and those similarly situated unpaid benefits, compensation, attorney's fees, expenses, and costs, in connection with the FLSA violations;

   f) An order and judgment awarding Plaintiff and those similarly situated pre- and post-judgment interest at the highest rates allowed by law;

   g) An order and judgment granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Michael A. Josephson*
**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Lindsay R. Itkin**
Fed. Id. 1458866
State Bar No. 24068647
**Andrew W. Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 27th day of May 2015.

*/s/ Michael A. Josephson*
Michael A. Josephson