UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DUSTIN WEDEL, individually and on behalf of all others similarly situated** | § § § | Docket No. 2:15-cv-00093 |
| **Plaintiff,** | § § | |
| v. | § § § | JURY TRIAL DEMANDED |
| **GYRO TECHNOLOGIES, INC.** | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| **Defendant.** | § | |

JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.

   **Counsel met via email and telephone conference beginning on June 3, 2015.**

   **Michael Josephson and Jessica Bresler participated on behalf of Plaintiff Dustin Wedel ("Plaintiff").**

   **Frederick McCutchon and George Schimmel participated on behalf of Gyro Technologies, Inc. ("Defendant") (After suit was filed against Vaughn Energy Services, LLC, counsel conferred and represented that Gyro Technologies, Inc. is the proper name for Defendant)**.

2. List the cases related to this one that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.

   **None**.

3. Briefly describe the pertinent facts and legal theories upon which the present action is based.

   **Plaintiff brings this lawsuit to recover overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Gyro Technologies, Inc. Plaintiff alleges that Defendant failed to compensate him and other workers similarly situated in accordance with the FLSA by paying them a salary and/or a day rate with no overtime compensation for all hours worked in excess of forty (40) hours in a single workweek.**

       **Defendant denies Plaintiff's claims and denies that the Plaintiff's case is appropriate for collective treatment.**

4. Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.

    **The parties agree that Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b)**.

5. List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) (effective September 1, 2011) and TEX. R. CIV. P. 194.2(b).

    **Plaintiff's Position**:

    **Additional Plaintiffs, in the form of opt-ins under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., will be added over the course of this litigation and through any Court authorized opt-in period.**

    **Defendants' Position**:

    **Defendant does not agree that additional plaintiffs should be included at this time.**

6. List anticipated interventions.

    **The parties do not anticipate any interventions.**

7. If this is a class action, describe any issues regarding certification of the class.

    **Plaintiffs' Position:**

    **Plaintiff filed this as a collective action under the FLSA and intends to seek conditional certification of the class of similarly situated current and former employees of Gyro Technologies, Inc. employed during the past three years who received a salary and a day rate.**

    **Defendants' Position:**

    **Defendant denies that its employees are similarly situated such that collective action is warranted, and intends to oppose conditional certification at this time.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **The parties will exchange their initial disclosures described in Rule 26(a) within fourteen (14) days following the scheduling conference**.

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    **The parties do not propose any changes to the disclosure requirements under Rule 26(a).**

    B. When and to whom the Plaintiff(s) anticipate(s) sending interrogatories.

    **Plaintiff intends to send interrogatories to Defendant within the next 45 days and over the discovery period consistent with the Federal Rules of Civil Procedure and the local rules of this Court prior to the scheduled discovery cutoff.**

    C. When and to whom the Defendant(s) anticipate sending interrogatories.

    **Defendant intends to send interrogatories to Plaintiff within twenty days after receiving interrogatories from Plaintiff, and additional interrogatories to any Plaintiff that may be added.**

    D. Of whom and by when the Plaintiff(s) anticipate(s) taking oral depositions.

    **Plaintiff intends to depose Defendant's corporate representatives, Plaintiffs and the opt-in Plaintiffs co-workers and supervisors, and any other witness.**

    E. Of whom and by when the Defendant(s) anticipate taking oral depositions.

    **Defendant intends to depose Plaintiff, any opt-in Plaintiffs if notice is permitted by the Court, and any other witnesses.**

    F. When the Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    **Plaintiff does not currently anticipate designating any expert witnesses (other than those related to attorney's fees which are not covered by FRCP 26(a)(2)(B)). If Plaintiff does designate an expert, Plaintiff will do so in accordance with the Court's Scheduling Order.**

    **Defendant will make this decision in accordance with the Court's Scheduling Order.**

    G. List expert depositions the Plaintiff(s) (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date.

    **Plaintiff anticipates deposing any expert witnesses designated by Defendant on or before the discovery deadline set by the Court.**

3

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date.

   **Defendant anticipates deposing any expert witnesses designated by any Plaintiff, or any expert witness designated by Defendant where Defendant has the burden of proof on an issue, on or before the discovery deadline set by the Court.**

10. If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.

   **The parties agree on the discovery plan as detailed in Paragraph 9 above.**

11. Specify the discovery, beyond initial disclosures, that has been undertaken to date.

   **None.**

12. State the date the planned discovery can reasonably be completed.

   **The parties anticipate that discovery can be completed within nine months from the close of the opt-in period.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

   **The parties discussed possibilities for a prompt settlement and agreed to continue their discussion. The parties will consider mediation after the case has developed sufficiently. Plaintiff will provide a settlement demand once discovery has proceeded sufficiently to permit an estimate of proposed damages.**

14. If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)

   **NO. The parties do not consent to a trial before a magistrate judge.**

15. State whether a jury demand has been made and if it was made on time.

   **Plaintiff made a timely jury demand in his Original Collective Action Complaint (Docket Entry No. 1).**

16. Specify the combined total number of hours it will take both parties to present the evidence in this case.

   **The parties cannot estimate at this time the length of trial necessary in this case. The parties will advise the Court when Conditional Certification is resolved, based on the number of opt-ins, of the estimated time for trial.**

17. List pending motions that could be ruled on at the Initial Pretrial Conference.

    **None.**

18. List other pending motions.

    **None**. **Defendant filed a Motion to Dismiss under Rules 12(b)(6) and 12(b)(1) on May 15, 2015. In response, Plaintiff filed its First Amended Collective Action Complaint on May 27, 2015, which Plaintiff contends moots Defendant's Motion to Dismiss.**

19. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.

    **None.**

20. Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.

    **Plaintiff filed its original Certificate of Interested Parties on March 11, 2015, and his First Amended Certificate of Interested Parties on June 2, 2015. Defendant filed its Certificate of Interested Parties on June 3, 2015.**

21. List the names, bar numbers, addresses and telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.

**Attorneys for Plaintiff**
**Michael A. Josephson**
Southern District ID No. 27157
State Bar No. 24014780
mjosephson@fibichlaw.com
**Jessica M. Bresler**
Fed. Id. 2459648
State Bar No. 24090008
jbresler@fibichlaw.com
**Lindsay Itkin**
Fed. Id. 1458866
State Bar No. 24068647
litkin@fibichlaw.com
**Andrew Dunlap**
Fed. Id. 1093163
State Bar No. 24078444
adunlap@fibichlaw.com
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON, LLP**
1150 Bissonnet Street

**Attorneys for Defendant**
**Frederick J. McCutchon**
Attorney-In-Charge
Texas State Bar No.: 13512800
Southern District Bar No.: 9245
fjm@wbwpc.com
**George Schimmel**
Texas State Bar No. 24033039
Southern District Bar. No. 2338068
vgs@wbwpc.com
**WOOD, BOYKIN & WOLTER, PC**
615 N. Upper Broadway, Suite 1100
Corpus Christi, Texas 78477
Telephone: (361) 888-9201
Telecopier: (361) 888-8353

Houston, Texas 77005
Telephone: 713-751-0025
Facsimile: 713-751-0030

AND

Richard (Rex) Burch
Southern District ID No. 21615
Texas Bar No. 24001807
rburch@bucknerburch.com
**Bruckner Burch, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone : 713-877-8788
Facsimile: 713-877-8065

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

| | |
|---|---|
| /s/*Michael A. Josephson* | June 4, 2015 |
| Counsel for Plaintiff(s) | Date |
| | |
| /s/*Frederick J. McCutchon* | June 4, 2015 |
| Counsel for Defendant | Date |

6775-3\Discovery\15 Pltfs Proposed JDCMP 0602-24-29

6