UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DUSTIN WEDEL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-93 |
| | § | |
| GYRO TECHNOLOGIES, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Plaintiff's Opposed Motion For Conditional Certification and Notice to Potential Class Members. (D.E. 18). This case has been referred to the undersigned United States Magistrate Judge for case management, ruling on non-dispositive motions and making recommendations as to dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). (D.E. 27). Having considered the parties' briefing, arguments, the applicable legal authorities, and all matters of record, it is respectfully recommended that Plaintiff's Opposed Motion for Certification Motion be **GRANTED** and that the case be conditionally certified for purposes of notice and discovery. Once certified, Plaintiff's counsel will file a motion for Court approval of the notice period, method of notice, content of the notice form and other matters necessary the management of the litigation.[1]

---

[1] The undersigned addressed many of the issues relating to the proposed method of notice, notice form, consent form, and length of the opt-in period at a hearing on August 26, 2015. The parties were ordered to confer on unresolved matters.

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Dustin Wedel was employed by the Defendant as a survey engineer[2] from approximately April 2012 to April 2014. (D.E. 18-1). The Defendant was originally sued under the name Vaughn Energy Services, LLC, however, counsel conferred and agreed the proper name for the Defendant is Gyro Technologies, Inc. ("Gyro Tech").[3] (D.E. 1, 16, p. 1). Plaintiff alleges he and potential class members are current or former employees of Gyro Tech who worked as survey engineers. Defendant Gyro Technologies is a business which conducts underground or subsurface surveys for companies engaged in oil and gas exploration. (D.E. 19-1). According to the amended complaint and defense counsel, Gyro Tech's headquarters is in Robstown, Texas, although the company performs wellbore survey services around the United States, with some international jobsites. (D.E. 13).

Plaintiff alleges he and other similarly situated survey engineers employed by Defendant received a salary and a day rate, but were not paid overtime as a matter of company policy even though they routinely worked more than 40 hours a week. (D.E. 13). (D.E. 1, p. 2). In addition to the original Plaintiff, nine (9) persons have filed consent forms to become party plaintiffs. (D.E. 4, 7, 12, 25, 29). Defendant has filed an answer (D.E. 11) in which it denies it is liable to Plaintiff and further denies this case is suitable to be brought as a collective action.

---

[2] In recruiting materials Defendant describes "Field Survey Engineer" as individuals who "run our directional survey products on rig sites . . ." Plaintiff identifies these persons survey engineers. The survey engineers are not Licensed Professional Engineers, rather, they are equipment operators of wellbore survey equipment.
[3] Plaintiff correctly named the defendant as Gyro Technologies, Inc. in his First Amended Complaint. (D.E. 13).

On June 8, 2015, United States District Judge Nelva Gonzales Ramos entered a briefing schedule regarding the issue of conditional certification. (D.E. 17). Plaintiff filed his Opposed Motion to Certify Class on June 26, 2015. (D.E. 18). Defendant filed a response on July 17, 2015. (D.E. 19). Plaintiff filed a reply and Defendant filed a surreply. (D.E. 22, 23). Plaintiff filed a Motion to Strike Defendant's Surreply (D.E. 26) which the undersigned denied on the record at the August 26, 2015 hearing.

Plaintiff seeks conditional certification of a collective action consisting of the following putative class:

> **All Survey Engineers employed by Gyro Technologies, Inc. for the past three years[4]**

Plaintiff argues conditional certification is appropriate because additional individuals who were employed by Gyro Tech as survey engineers suffered injury as a result of Gyro Tech violations of the FLSA. (D.E. 18, p. 8). Plaintiff alleges these potential class members are "similarly situated" to Plaintiff in terms of their job titles, duties, compensation and uniform exempt status by Gyro Tech. Plaintiff maintains Gyro Tech had a single companywide policy that misclassified all survey engineers as exempt from the FLSA overtime requirements, "regardless of any individualized factor such as experience, age, job duties, geographic location, or hours worked." (D.E. 18, p. 8). Plaintiff seeks to proceed in this FLSA action collectively with other similarly situated former employees of Gyro Tech.

---

[4] *See* Plaintiff's First Amended Collective Action Complaint. (D.E. 13, p. 2).

Gyro Tech opposes conditional certification and filed its Response in Opposition on July 17, 2015. (D.E. 19). Gyro Tech maintains its survey engineers do different jobs and are not similarly situated. (D.E. 19, p. 5). Gyro Tech explains its survey engineers use different equipment based on their level of expertise and experience and the more skilled survey engineers use the "highest level of tool." (D.E. 5, p. 21). Gyro Tech also argues the most skilled survey engineers are the ones most likely to work overtime and are also the most likely to be considered exempt, and therefore are not similarly situated to the less skilled survey engineers. (D.E. 19, p. 7).

Gyro Tech maintains conditional certification should be denied because: (1) Plaintiff's evidence is insufficient to support conditional certification; (2) Plaintiff is not similarly situated to the class he proposes to represent; and (3) Plaintiff has not established others want to join this suit. (D.E. 19, p. 6).

## II. ANALYSIS

### A. Legal Standard for Conditional Certification

The FLSA allows collective actions to be brought on behalf of "similarly situated" workers. Under the FLSA, an employee may file a lawsuit for unpaid overtime wages on behalf of himself as well as other "similarly situated employees" who "opt-in" to the suit. 29 U.S.C. § 216(b); *Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 464 n. 2 (S.D. Tex. 2012). The term "similarly situated" is not defined in the FLSA. *See, e.g.*, 29 U.S.C. §§ 203, 216. Courts in this District interpret "similarly situated" to mean an employee who is "affected by a common policy, plan, pattern, or practice" as the one at issue in the

plaintiff's lawsuit. *McKnight v. D. Hous., Inc.,* 756 F. Supp. 2d 794, 803 (S.D. Tex. 2010).

Where a plaintiff seeks to bring a collective action on behalf of others, the plaintiff must seek certification and request notice be approved by the district court, and the putative class members must consent in writing to become a party to the action. 29 U.S.C. § 216(b). The district court then has the discretion whether to approve the collective action and facilitate notice to potential plaintiffs. *Simmons v. T-Mobile USA, Inc.,* Civ. A. No. 4:06-cv-01820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007). "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by the efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

When considering motions for conditional certification under the FLSA, district courts in the Fifth Circuit usually proceed under the *Lusardi* approach— i.e., it is undertaken early in the case and a plaintiff's allegations that "similarly situated" workers exist and wish to opt-in to the suit are reviewed "leniently." *Lusardi v. Xerox, Corp.,* 118 F.R.D. 351 (D.N.J. 1987). Whether to certify a suit as a collective action under the FLSA is a decision committed to the discretion of the court. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995)(overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91 (2003)). Courts in the Southern District of Texas generally use the *Lusardi* approach to determine whether a collective action is warranted. *See, e.g., Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

The *Lusardi* analysis proceeds in two stages: (1) a "notice stage", followed by (2) a decertification stage. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n. 2 (5th Cir.2008)(citations omitted). The notice stage takes place early in the case, before the parties have a chance to conduct substantive discovery. *Blake v. Hewlett–Packard Co.*, No. 4:11–CV–592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013). In contrast, the decertification process occurs after the parties have had ample opportunity for discovery. *Id.* At the first stage, the court makes a preliminary determination whether there are any potential plaintiffs who may be similarly situated to the plaintiff in the pending lawsuit. *Mooney*, 54 F.3d at 1213–14.

The plaintiff seeking conditional certification must present at least a "minimal showing" that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F.Supp.2d at 465–66 (citations omitted). Because this analysis occurs before the discovery process, the burden on the lead plaintiff is "lenient and typically results in conditional certification." *See e.g., Walker,* 870 F. Supp. 2d at 465. Courts often make the determination based on the pleadings and any available affidavits. *Id.*

The second stage of *Lusardi* occurs after discovery has taken place. Upon a defendant's motion to decertify, the trial court reviews the available evidence collected in discovery. *Id.* If the court finds the evidence shows the plaintiffs are not in fact "similarly situated" to the original lead plaintiff, then the class is decertified, the opt-in plaintiffs are

dismissed, and the original plaintiff proceeds individually. *Id.* The present case is at the "notice stage" of the *Lusardi* analysis. At this stage, the Court's decision is made using a fairly lenient standard, the plaintiffs need only make a minimum showing to guide the Court's determination whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1214.

      B.      **Application of the Law to the Present Case**

            1.      **Whether there is a reasonable basis for crediting the assertions that aggrieved individuals exist**

Plaintiff was employed as a survey engineer for Gyro Tech. Plaintiff alleges he and other survey engineers employed by Gyro Tech worked overtime without receiving time and a half pursuant to the FLSA. (D.E. 13, pp. 6-7). The FLSA requires non-exempt employees who work more than forty hours in a workweek to be paid at one-and-one-half times the "regular rate" of pay. 29 U.S.C. § 207(a)(1).

Plaintiff Dustin Wedel and opt-in Plaintiffs Jose Gonzales and Zachary Garcia submitted signed declarations which are attached to Plaintiff's motion for conditional certification. (D.E. 18-1, 18-2, 18-3). Defendant objected to the Court considering the declarations. Defendant argues the declarations are identical containing boilerplate language, are factually incorrect and are insufficient to support conditional certification. Defendant's objections are overruled. The affidavits meet the requirements of 28 U.S.C. § 1746 and were signed by the declarants under the penalty of perjury. Further, the declarations are similar in form and substance to those considered by the Court in many similar actions brought in this Division.

Mr. Wedel, Mr. Gonzales and Mr. Garcia state in their respective declarations that they worked for Gyro Tech during the relevant period as part of surveying crews providing wellbore surveys for the oil and gas industry. According to the declarants, their duties were "technical, physical and largely manual in nature" and they did not have supervisory or managerial responsibilities. (D.E. 18-3, 18-2, 18-3). They state they were paid a salary and a day rate and regularly worked in excess of 40 hours a week without ever receiving overtime compensation. (D.E. 18-1, 18-2, 18-3). They further indicate their survey crew co-workers also did not receive overtime compensation. Mr. Gonzales also submitted wage statements which support their position that none received overtime compensation. (D.E.18-4, 18-5).

Gyro Tech does not contend in its Answer (D.E. 11) or briefing in opposition to Plaintiffs' motion that it paid overtime wages to Plaintiff Wedel or its other survey engineers. Gyro Tech has not articulated with specificity its position why it believes it is in compliance with the FLSA. Defendant submitted the affidavit of Gary Vaughn, the Chief Executive Officer of Gyro Tech. (D.E. 19-1). Mr. Vaughn provided information about the nature of the business and that survey engineers perform different duties based on their experience. He disputes the extent survey engineers worked overtime and some of the other aspects of Plaintiffs' declarations. However, those matters are not currently before the Court. The merits of the case need not be decided now. *See McKnight v. D. Houston, Inc*. 756 F.Supp.2d 794, 802 (S.D. Tex. 2010)(Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations.).

Considering the declarations of all parties and the wage statements submitted by Plaintiff's counsel, at this stage of the litigation there exists a reasonable basis exists for crediting the assertions that aggrieved individuals exist.

> **2.  Whether aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted**

The parties do not dispute the type of work Gyro Tech's survey engineers perform. Mr. Vaughn's declaration provides a good summary of some of the agreed upon facts. (D.E. 19-1). Gyro Tech is a wellbore survey company. Its customers are oilfield companies who are engaged in energy exploration. Gyro Tech employs surveyors who conduct surveys of underground drilling. Gyro Tech's surveyors use various tools in the performance of their duties. (D.E. 19-1).

Mr. Vaughn's declaration and defense counsel's proffers during the hearing on this matter point out some of the differences in the parties' positions. For instance, Gyro Tech provides survey services for a variety of sub-surface conditions and geologic formations and in a variety of locations. Each job is unique. The survey engineers have varying levels of expertise based on their qualifications and experience. Survey engineers use different types of tools and equipment. Generally, the more experienced survey engineers use the more sophisticated equipment which is more difficult to use than the equipment of less experienced survey engineers. Gyro Tech considers the survey engineers expertise when detailing its survey engineers to job assignments. Further, Gyro Tech maintains its survey engineers have discretion to make judgment calls at the job site.

The differences between the experience and expertise of Defendant's survey engineers are not sufficient to deny Plaintiff's motion for conditional certification. While the specific job titles or responsibilities may differ slightly, they are similar in that they are employees using equipment to conduct wellbore surveys. Plaintiff has made a sufficient showing for purposes of conditional certification that Defendant has a common policy of not properly compensating these employees for working overtime. There is no reason at the present time to believe that among the survey engineers and their varying degree of expertise there would be significantly different claims or defenses. Plaintiffs are not required at this stage of the proceedings to present evidence that would survive a motion for summary judgment. *McKnight*, 756 F. Supp. 2d at 803. It reasonable at this stage of the litigation to believe Gyro Tech employees who worked as survey engineers were treated similarly with respect to not being paid overtime compensation.

### 3. Whether those individuals want to opt-in to the lawsuit

The parties do not have the exact figures, but there appears to be some agreement that there are approximately 100 or so survey engineers who worked for Gyro Tech during the relevant time. As of September 1, 2015, in addition to the original Plaintiff, nine (9) persons have filed consent forms to become party plaintiffs. (D.E. 4, 7, 12, 25, 29). The fact that nine persons have filed consent forms seeking to join the lawsuit before the opt-in period has opened is a good indication there are others who want to opt-in to the suit. Further, the declaration of Plaintiffs Wedel, Gonzales and Garcia indicate their co-workers would be interested in learning about their opportunity to join the

lawsuit. The number of remaining opt-in Plaintiffs is sufficient to indicate that putative class members want to opt-in to this lawsuit.

## III. CONCLUSION AND RECOMMENDATION

Having considered the briefing, exhibits and applicable law, the undersigned is satisfied the Court should conditionally certify this collective action and notice should be issued. Plaintiff has established other individuals desire to opt-in and are "similarly situated" with respect to job requirements and with regard to their claims regarding overtime compensation.

Therefore, the undersigned respectfully recommends the Court **GRANT** Plaintiff's Opposed Motion For Certification and Notice to Potential Class Members (D.E. 18).

Counsel for Plaintiff expressed concern that the statute of limitations is not tolled with respect to other plaintiffs unless and until they opt-in to the case. Therefore, it is further recommended that the Court order the parties to file a proposed Joint Notice To Potential Plaintiffs and a proposed Joint Notice of Consent within seven (7) days of the Court's order granting conditional certification. The non-dispositive matters relating to the mechanics of the notice will be decided by the undersigned pursuant to the Court's order of reference (D.E. 27) unless the Court directs otherwise.

Respectfully submitted this 2nd day of September, 2015.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).