## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| DUSTIN WEDEL, et al. | **Case No. 2:15-cv-00093** |
| Plaintiffs, | |
| | **Collective Action** |
| v. | |
| GYRO TECHNOLOGIES, INC. | **Jury Demanded** |
| Defendant. | |

## WEDEL'S RESPONSE TO GYRO TECH'S OBJECTIONS
## TO JUDGE LIBBY'S RULING ON CONDITIONAL CERTIFICATION

### 1. INTRODUCTION

Gyro Tech filed objections to Judge Libby's Report and Recommendation granting Plaintiff's Motion for Conditional Certification and Notice to Potential Class Members. Though Gyro Tech never mentions it, Judge Libby's ruled on a non-dispositive motion subject to review under the "clearly erroneous" standard. Further, any subsidiary rulings on Gyro Tech's evidentiary objections are subject to an abuse of discretion review. But regardless of the standard that applies, Gyro Tech's objections require little consideration. Judge Libby: (1) adopted the standard regularly applied by this (and virtually every other) court; and (2) faithfully applied that lenient standard to the facts of this case. Gyro Tech's objections should be overruled.

### 2. THE "CLEARLY ERRONEOUS" STANDARD APPLIES

"While Magistrate Judge [Libby] styled his decision as a report and recommendation, he had the authority to grant conditional certification in the first instance because such a determination is a non-dispositive matter." *Bijoux v. Amerigroup New York, LLC*, No. 14-CV-3891 RJD VVP, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015) (internal quotes and cites omitted); *Summa v. Hofstra*

1

*University*, 715 F.Supp.2d 378, 383-84 (E.D.N.Y. 2010) (magistrate's decision granting conditional certification of a collective action is not a decision "to dismiss or permit maintenance of a class action" under 28 U.S.C. § 636(b)(1)(A), and is thus a non-dispositive matter subject to a clearly erroneous standard of review); *Roble v. Celestica Corp.*, 627 F.Supp.2d 1008, 1015 (D. Minn. 2007) (same).[1] Because it is reviewing a non-dispositive matter, the district court may not undertake a *de novo* review of Judge Libby's disposition. *See, e.g., Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. Unit A 1981). Rather, "the review by the district court is circumscribed and the district court is bound by the clearly erroneous rule[.]" *In re Katrina Canal Breaches Consol. Litigatgion*, CIV.A.05-4182, 2008 WL 4185867, at *1 (E.D. La. Sept. 9, 2008).

The "clearly erroneous" standard of review is a heightened standard that gives "extreme deference" to the lower court. *Lopez v. Current Director of Texas Economic Dev. Com.*, 807 F.2d 430, 434 n. 3 (5th Cir.1987). "To be clearly erroneous, a decision must strike [the Court] as more than

---

[1]   Motions "to dismiss or permit maintenance of a class action" can be referred to a magistrate to submit proposed findings of fact and recommendations that are subject to *de novo* review. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B). However, class actions are "fundamentally different from collective actions under the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013); *see also Baldridge v. SBC Communications, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005) (an FLSA collective action "is not a Rule 23 class action"). "[A Rule 23] putative class acquires an independent legal status once it is certified[.]" *Genesis*, 133 S. Ct. 1523 at 1530. But under the FLSA, "conditional certification does not produce a class with an independent legal status, or join additional parties to the action." *Id.* Instead, conditional certification results in "the sending of court-approved written notice to employees […] who in turn become parties to a collective action only by filing written consent with the court[.]" *Id.* (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989)). "'[C]onditional certification' … it is not tantamount to class certification under Rule 23." *Id.* at 1532.

      Accordingly, a motion for conditional certification under § 216(b) is a non-dispositive matter that is subject to the "clearly erroneous" standard. *Bijoux*, 2015 WL 5444944, at *1; *Summa*, 715 F.Supp.2d at 383-84; *Roble*, 627 F.Supp.2d at 1015; *See also, Rutledge v. Claypool Elec., Inc.*, 2:12-CV-0159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013) (clearly erroneous standard applies); *Hardesty v. Litton's Mkt. & Rest., Inc.*, 3:12-CV-60, 2012 WL 6046697, at *1 (E.D. Tenn. Dec. 5, 2012) (same); *Harper v. Gov't Employees Ins. Co.*, 826 F. Supp. 2d 454, 456 (E.D.N.Y. 2011) (same); *Parks v. Dick's Sporting Goods, Inc.*, 05-CV-6590 CJS, 2007 WL 913927, at *2 (W.D.N.Y. Mar. 23, 2007); *Mazur v. Olek Lejbzon & Co.*, 2005 WL 3240472, at n.1 (S.D.N.Y. Nov. 30, 2005); *Gortat v. Capala Bros., Inc.*, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (combined magistrate's order to conditionally certify under the FLSA and report and recommendation to certify a Rule 23 class reviewed under clearly erroneous and *de novo* standards, respectively).

just maybe or probably wrong; it must … strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). So a Judge Libby's findings are conclusive unless the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum,* 333 U.S. 364, 395 (1948). But even if this Court were to apply a *de novo* standard (and it shouldn't), Gyro Tech's objections fail.

**3.   JUDGE LIBBY'S DECISION TO GRANT CONDITIONAL CERTIFICATION WAS NOT CLEAR ERROR.**

### A.  Adopting the *Lusardi* Standard Isn't Error (Much Less Clear Error).

Gyro Tech's opening objection is to Judge Libby's decision to apply the *Lusardi* standard in determining whether conditional certification was appropriate. *See* Gyro Tech's Objections (Doc. 37) at 1-3. Talk about leading with your chin! It is well established that "courts in this District follow the *Lusardi* approach rather than the *Shushan* approach." *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (Jack, J); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA."). So for Gyro Tech to malign Judge Libby's for adopting the *Lusardi* standard is ridiculous.

### B.  It's Clear People "Want to Join" this Case Since Lots of People <u>Are</u> Joining.

Gyro Tech concedes, as it must, that "by the time the M&R was issued … a total of nine 'opt-ins' were seeking to join the lawsuit as putative class members." *See* Gyro Tech's Objection (Doc. 37) at 4. Yet, in an impressive display of obliviousness, Gyro Tech argues Plaintiffs failed to demonstrate people "want to join" this case. *Id.*

Gyro Tech starts by chiding Judge Libby for finding "that other persons have shown a desire to join by filing their notice of consent." *Id.* But that is how potential class members establish their desire to join a collective action. 29 U.S.C. § 216(b). "Moreover, the joinder of additional plaintiffs

after the inception of the case is persuasive evidence that a putative class does exist." *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 645 (W.D. Tex. 2013) (internal quotes omitted).[2]

Gyro Tech nonetheless clutches at this is straw by claiming Plaintiffs "failed to plead this element of conditional certification." Gyro Tech's Objection (Doc. 37) at 4. That argument fails as well, since courts in this District have consistently held workers "need not plead facts to support the propriety of a collective action[.]" *Hoffman v. Cemex, Inc.*, No. CIV.A. H-09-3144, 2009 WL 4825224, at *4 (S.D. Tex. Dec. 8, 2009); *Howard v. John Moore, LP*, CIV.A. H-13-1672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) (Miller, J) (same); *Craven v. Excel Staffing Serv., Inc.*, CIV.A. H-12-2860, 2014 WL 345682, at *6-8 (S.D. Tex. Jan. 30, 2014) (Harmon, J) (same); *Neman v. Greater Houston All-Pro Auto Interiors, LLC*, 4:11-CV-03082, 2012 WL 896438, at *5 (S.D. Tex. Mar. 14, 2012) (Atlas, J) (same).

More bluntly, Gyro Tech's thesis – that 9 opt-ins and 3 declarations are insufficient to show interest in joining the case – is just silly. Courts (including this one) have found lesser showings sufficient under the lenient standard for conditional certification. *See, e.g., Tolentino,* 716 F.Supp.2d at 653 (Judge Jack finding two declarations of similarly situated individuals and complaint sufficient to demonstrate existence of employees who would opt in); *Dyson v. Stuart Petroleum Testers, Inc.*, --- F.R.D. ---, 2015 WL 5062265, at *4 (W.D. Tex. Aug. 27, 2015) (two declarations sufficient to support conditional certification despite defendant's objections to the declaration as "identical" and

---

[2] *See also, Kuperman v. ICF Intern.,* 2008 WL 4809167, at *6 (E.D.La. Nov. 3, 2008) ("Two Plaintiffs have opted in to this proposed collective action under § 216(b) since the filing of the instant motion, and thus certification at this point is appropriate."); *Bernal v. Vankar Enterprises, Inc.*, No. SA-07-CA-695-XR, 2008 WL 791963, at *4 (W.D. Tex. Mar. 24, 2008) (Because "several plaintiffs have already opted in, and at least one has submitted an affidavit that supports Plaintiff's allegations … [i]t is clear from the pleadings, the affidavits, and the additional plaintiffs that conditional certification is appropriate."); *Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, No. CIV.A. H-05-2064, 2006 WL 1007542, at *1 (S.D. Tex. Apr. 17, 2006) ("The addition of two of the three Plaintiffs after the inception of this case is persuasive evidence that a putative class does exist.").

4

"conclusory"); *Pacheco v. Aldeeb,* No. 5:14–CV–121–DAE, 2015 WL 1509570, at *8 (W.D.Tex. Mar. 31, 2015) (two declarations sufficient for conditional certification); *Reid v. Timeless Restaurants, Inc.,* No. 3:09–CV–2481–L, 2010 WL 4627873, at *3 (N.D.Tex. Nov. 5, 2010) (same); *Bernal,* 2008 WL 791963, at *4 (Because "several plaintiffs have already opted in, and at least one has submitted an affidavit that supports Plaintiff's allegations … [i]t is clear from the pleadings, the affidavits, and the additional plaintiffs that conditional certification is appropriate."). Judge Libby did not err in determining 9 opt-in consents and 3 declarations adequately demonstrate that potential class members might want to join this lawsuit.

## C. Judge Libby's Did Not Abuse His Discretion in Granting Conditional Certification.

### 1) *Gyro Tech's Heightened Evidentiary Standard Doesn't Apply at this Stage.*

Because a ruling on conditional certification is only preliminary, and is not final determination on the merits, "Plaintiffs need not present evidence in a form admissible at trial at the notice stage." *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013) (citing *Kelley v. Cal Dive Int'l, Inc.,* No. G–13–001, 2013 WL 2190010, at *1 (S.D.Tex. May 20, 2013) (courts apply a more "relaxed evidentiary standard" at the notice stage); *Vargas v. HEB Grocery Co.,* No. SA12–cv–116–XR, 2012 WL 4098996, at *2 (W.D.Tex. Sept. 17, 2012) (motions for conditional certification are non-dispositive pretrial matters and plaintiffs need not "present affidavits that would otherwise meet the requirements of a dispositive motion"); *McKnight v. D. Houston, Inc.,* 756 F.Supp.2d 794, 803 (S.D.Tex.2010) ("It is not appropriate at [the notice stage] to require the plaintiffs to present evidence that would be required to survive a motion for summary judgment.")); *Castillo v. Alkire Subway, LP.*, No. H-08-CV-2658, 2009 WL 9529354, at *4 (S.D. Tex. Apr. 30, 2009) (plaintiffs "need not meet summary judgment type evidentiary standards at the notice stage."); *Santinac v. Worldwide Labor Support of Illinois, Inc.*, --- F.Supp.3d ---, No. 1:15CV25-LG-RHW, 2015 WL 3486971, at *3

(S.D. Miss. June 2, 2015) (same). Application of a more relaxed standard also makes sense in light of the fact conditional certification precedes the completion of formal discovery. It is also typically expedited so workers can stop the statute of limitations from running. 29 U.S.C. § 256.

Gyro Tech nonetheless objects to certain evidentiary rulings Judge Libby (allegedly) made in evaluating conditional certification on the basis the evidence is not in a form that would be admissible at trial. *See* Gyro Tech's Objections (Doc. 37) at 4-10. But even then, evidentiary rulings are reviewed for an abuse of discretion. *Cf. Graef v. Chem. Leaman Corp.*, 106 F.3d 112, 116 (5th Cir. 1997) ("The district court, of course, is vested with broad discretion in determining the admissibility of evidence, and its rulings on such evidentiary matters are reviewed for abuse of that discretion."). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Tolbert v. Colvin*, No. 9:14-CV-131, 2014 WL 4447137, at *1 (E.D. Tex. Sept. 8, 2014). Ignoring the broad discretion afforded to evidentiary rulings, Gyro Tech asks the Court to reverse Judge Libby's ruling on the admissibility of Plaintiffs' declarations.

### 2) *Judge Libby's Alleged Hearsay "Rulings" Were within His Discretion.*

Judge Libby's evidentiary rulings are clearly within his broad discretion. For example, Gyro Tech says: "Obviously Plaintiff could not know what other surveyors are paid without talking to those surveyors. Thus it is hearsay." Not so much. In fact, courts in this District have explained why comments by co-workers regarding their pay are **not** hearsay. *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003) ("employees' comments are statements by agents or servants of Kim Son concerning a matter within the scope of the agency or employment made during the employees' employment" and therefore not hearsay under FRE 801(d)(2)(D)).

Gyro Tech's "hearsay" objections also ignore other evidence in the record. For example, *in addition to their declarations,* Plaintiffs Wedel and Gonzales submitted Gyro Tech payroll records establishing they were, in fact, paid on salary plus day rate (referred to as "field bonus") basis – with

no overtime pay. *See* Docs. 18-4 & 18-5. So, even if portions of the declarations were subject to exclusion based on the hearsay rule, Judge Libby did not err in finding conditional certification was warranted.[3] *See, e.g., Sniffen v. Spectrum Indus. Serv.,* 2007 WL 1341772, at *1–2, 2007 U.S. Dist. LEXIS 35206, at *4 (S.D.Ohio Feb. 13, 2007) (granting conditional class certification where plaintiffs submitted affidavits and payroll records showing failure to pay overtime).

### 3) *Workers Know Something about Their Working Conditions.*

Gyro Tech also suggests Plaintiffs' declarations are not based on personal knowledge. By arguing employees don't know anything about their employer's practices, Gyro Tech ignores reality. Employees "can generally be expected to have some personal knowledge of conditions and events during [their] employment." *Wojciechowski v. Nat'l Oilwell Varco, LP*, 763 F. Supp. 2d 832, 846 (S.D. Tex. 2011); *Lee*, 980 F. Supp. 2d at 764; *Adeyinka v. Yankee Fiber Control, Inc.*, 564 F. Supp. 2d 265, 277 (S.D.N.Y. 2008). And each of the declarants confirms his statements are "based on [his] experience working at Gyro Tech, conversations with other survey crew members, and [his] familiarity with Gyro Tech's equipment, software, forms, and payroll practices." *See, e.g.,* Doc. 18-1 at ¶¶ 2-13. Plaintiffs' declarations sufficiently establish personal knowledge.

In addition, many of Gyro Tech's "personal knowledge" objections are completely untethered to reality. For example, Gyro Tech even claims "Wedel does not even say how he was paid." Gyro Tech's Objections (Doc. 37) at 8. But - of course - he does. *See* Wedel Declaration (Doc. 18-1) at 1, ¶ 3 ("I was a paid a salary and a day rate."). And even if he didn't (and, again, he did) Wedel provided copies of his paystubs! *See* Wedel's Paystubs (Doc. 18-4). So did Jose Gonzales. *See* Gonzales Paystubs (Doc. 18-5). So Gyro Tech is lying when it says Wedel and the other declarants

---

[3]      Of course, if its employees' pay provisions actually were different, Gyro Tech could/would have pointed this out in its Response, its Sur-Reply, its Supplement to its Sur-Reply, and/or its Objections. But it didn't. *See* Order (Doc. 35) at 8. That's because all its Survey Engineers are, in fact, paid according to the same "salary plus day rate" pay plan. *Id.* citing Doc. 18-1 to 18-3.

offered no evidence on how Gyro Tech pays its Survey Engineers. More to the point, Gyro Tech

fails to show Judge Libby abused his discretion in considering Plaintiffs' evidence.

Judge Libby expressly considered Gyro Tech's evidence in reaching his decision. *See, e.g.,* Order

(Doc. 35) at 9 (noting Gyro Tech CEO "Mr. Vaughn's declaration provides a good summary of

some of the agreed upon facts."). But as Judge Libby noted: "Gyro Tech does not contend in its

Answer (D.E. 11) or briefing in opposition to Plaintiffs' motion that it paid overtime wages to

Plaintiff Wedel or its other survey engineers." *See* Order (Doc. 35) at 8. Nor did Gyro Tech

"articulate with specificity its position why it believes it is in compliance with the FLSA." *Id.* While

Gyro Tech says its "exemption defenses" create individual defenses, it ignores the fact it hasn't

actually pled any exemption defenses. *See* Answer (Doc. 11), *passim.* In short, Judge Libby recognized

Gyro Tech's claims of "differences between the experience and expertise of Defendant's survey

engineers[,]" but he clearly did not err in finding this was "not sufficient to deny Plaintiff's motion

for conditional certification." *Id.* at 10.

### 4) *Again, Conditional Certification is Not Governed by Rule 23.*

Both the Supreme Court and the Fifth Circuit have made it very clear that Rule 23 class actions

are "fundamentally different from collective actions under the FLSA." *Genesis Healthcare Corp. v.*

*Symczyk*, 133 S. Ct. 1523, 1529 (2013); *Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th

Cir.1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the

F.R. Civ. P. 23 procedures"). Nonetheless, Gyro Tech insists Judge Libby should have denied

conditional certification of this FLA collective action because of the Supreme Court's decision in

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011), a case addressing Rule 23's – and *not* 29

U.S.C. § 216(b)'s - standards.

Of course, Gyro Tech never mentioned *Dukes* in its Response (Doc. 19), its Sur-Reply (Doc.

23), or its Supplement to its Sur-Reply (Doc. 24). And the "Fifth Circuit has held that arguments

which could have been raised before the Magistrate Judge, but are raised for the first time in objections before the District Court, are waived." *Polinard v. Homecomings Fin. Network, Inc.*, No. CIV.A. SA-06-CA-1130, 2007 WL 2710843, at *2 (W.D. Tex. Sept. 5, 2007) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994) (holding that when the state waited to claim procedural default and exhaustion in objections after the issuance of the Magistrate's Report and Recommendation, the argument was waived)); *see also, U.S. v. Armstrong*, 951 F.2d 626, 630 (5th Cir.1992) ("Instead, Armstrong first argued these issues in his objections to the magistrate judge's findings, conclusions, and recommendations. These issues were not properly before the district court therefore this court will not address them."). Gyro Tech's attempt to inject this argument at this point is a non-starter.

But even on the merits, Gyro Tech's indictment of Judge Libby is unwarranted since "the majority of Courts [and every court in the Southern District] addressing the issue have held that *Dukes* is inapplicable to FLSA collective actions." *McCarragher v. Ryland Grp., Inc.*, No. CIV.A. 3-11-55, 2012 WL 4857575, at *4 (S.D. Tex. Oct. 11, 2012); *Blake v. Hewlett-Packard Co.*, No. 4:11-CV-592, 2013 WL 3753965, at *3 n. 5 (S.D. Tex. July 11, 2013) ("the Court concludes that the *Dukes* holding is inapplicable to conditional certification of FLSA collective actions"); *In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, No. H-11-2266, 2012 WL 3308880, at *23 (S.D. Tex. Aug. 10, 2012) (same). In fact, Gyro Tech doesn't cite a single Fifth Circuit case supporting the application of *Dukes* to conditional certification of an FLSA collective action. *See* Gyro Tech's Objections (Doc. 37) at 10-11. Judge Libby did not clearly err in declining to try and cram a Rule 23 class action "square" into an FLSA collective action "hole."

## 4. CONCLUSION

Gyro Tech's objections to the Report and Recommendation of Judge Libby should be overruled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

By: _____
           Richard J. (Rex) Burch
           Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas  77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, HAMPTON,  LEEBRON,**
  **BRIGGS & JOSEPHSON, L.L.P.**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fhl-law.com

**CERTIFICATE OF SERVICE**

I filed this document via the CM/ECF system which will serve a copy on all counsel of record.

**/s/ Rex Burch**

_____

Richard J. (Rex) Burch