UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DUSTIN WEDEL, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-93 |
| § | |
| VAUGHN ENERGY SERVICES, LLC, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members (D.E. 18), Defendant's response (D.E. 19), Plaintiff's reply (D.E. 22), and Defendant's sur-reply (D.E. 23). On September 2, 2015, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation ("M&R") (D.E. 35), recommending that Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members be granted. Defendant filed objections to the M&R (D.E. 37) and Plaintiff filed a response to the objections (D.E. 38).

Plaintiff argues that this Court should review the M&R based on the clearly erroneous standard, rather than a de novo review, because the M&R did not address a dispositive matter. *See* FED. R. CIV. P. 72(a); *Bijoux v. Amerigroup New York, LLC*, No. 14-CV-3891 RJD VVP, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015) (although magistrate styled decision as a report and recommendation, he had authority to grant conditional certification because it was a non-dispositive matter); *Summa v. Hofstra*

*University,* 715 F. Supp. 2d 378, 383-84 (E.D.N.Y. 2010) (magistrate's decision granting conditional certification of a collective action is not a decision "to dismiss or permit maintenance of a class action" under 28 U.S.C. § 636(b)(1)(A), and is thus a non-dispositive matter subject to a clearly erroneous standard of review). If the clearly erroneous standard applies here, after reviewing the M&R and Defendant's objections, the Court finds that the Magistrate Judge's recommended decision is neither clearly erroneous nor contrary to law. Therefore, Defendant's objections are overruled.

Alternatively, the Court will review de novo the portions of the M&R to which objections were specifically directed.

Defendant urges this Court "to apply at least some principles of the *Mooney* decision and the *Shushan* decision in determining whether conditional certification is proper. D.E. 37, pp. 1–4. This Court uses the *Lusardi* two-step approach, so Defendant's objections in this regard are **OVERRULED**.

Under the *Lusardi* approach, a plaintiff seeking conditional certification must present at least a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist; (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) that those individuals want to opt-in to the lawsuit."[1] Defendant challenges the third factor. Defendant objects to the Magistrate Judge's accounting of those wishing to join the lawsuit because it included individuals who opted-in between

---

[1] *McKnight v. D. Houston, Inc.,* 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010); *see also Prater v. Commerce Equities Mgmt. Co.,* No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007); and *Simmons v. T–Mobile USA, Inc.,* No. H-06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007).

Defendant's response to the pending motion to certify and the M&R.  D.E. 37, p. 4. However, Defendant concedes that at the time of its response, two or three individuals had been named as putative opt-in plaintiffs.  The Court finds that two individuals satisfy the third *Lusardi* factor.[2]  Defendant's objection is **OVERRULED.**

Defendant's next objections are to the Magistrate Judge's conclusion that there is sufficient evidence to grant conditional certification.  Defendant claims Plaintiff's evidence is insufficient to warrant conditional certification because it is nothing but "boilerplate language . . . conclusory statements . . . [and] hearsay."  D.E. 37, pp. 4–10. The Court finds that the evidence before the Court, including the three sworn declarations and the payroll records, is sufficient to show that the potential class members were "together the victims of a single decision, policy or plan."[3]

Defendant's argument that Plaintiff's declaration is insufficient to satisfy the similarly situated requirement because it is not as specific as the declaration submitted by Defendant (D.E. 37, pp. 5-6) is without merit.  The lenient standard for conditional class certification acknowledges that it is unreasonable to require a plaintiff to submit in-depth

---

[2] *See Pacheco v. Aldeeb,* No. 5:14-CV-121-DAE, 2015 WL 1509570 (W.D. Tex. Mar. 31, 2015) (two opt-in plaintiffs who attested to the many current and former employees who would join a lawsuit to recover unpaid overtime wages was sufficient to satisfy the interest factor); *Tolentino v. C & J Spec-Rent Servs. Inc.,* 716 F. Supp. 2d 642, 653 (S.D. Tex. 2010) (two declarations of similarly situated individuals and the complaint was sufficient to demonstrate the existence of employees who would opt in); *Lee v. Metrocare Servs.,* 980 F. Supp. 2d 754, 768 (N.D. Tex. 2013); ("[N]umerosity is not a requirement for conditional certification under the *Lusardi* approach."); and *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 291 (N.D. Tex. 2012) (plaintiffs' four declarations and their amended complaint satisfied their burden to demonstrate the existence of other employees who would opt in).

[3] *Jones,* 281 F.R.D. at 289 (noting that declarations regarding compensation and job duties "are ideal for analysis of whether the putative class members were together the victims of a single decision, policy, or plan"); *see also Pacheco*, 2015 WL 1509570 at *4 (finding paystubs and declarations submitted by plaintiffs attesting familiarity with defendants' compensation policies through their own experiences and through speaking with many employees were sufficient to credit allegations that defendants failed to comply with the FLSA).

evidence of an employer's policies and pay practices before the plaintiff has had a chance to conduct discovery.

Regarding the hearsay allegations, this Court finds that affidavits submitted at the notice stage of class certification need not be in a form admissible at trial.[4] Most courts "only require that a declarant can demonstrate that the allegations in his declaration are based on personal knowledge . . . [which] can include inferences and opinions,"[5] as well as declarant's conversations with other employees.[6]

For the foregoing reasons, Defendant's objections to the sufficiency of the evidence are **OVERRULED.**

Defendant's last objections (D.E. 37, pp. 10–11) relate to the commonality and typicality elements of class action certification under Rule 23 and are not relevant to the collective action certification sought here. Consequently, these objections are **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendant's objections and **ADOPTS** as its own the findings and

---

[4] *Lee,* 980 F. Supp. 2d at 760 (citing *White v. MPW Industrial Servs. Inc,* 236 F.R.D. 363, 368 (E.D. Tenn. 2006)).

[5] *Pacheco,* 2015 WL 1509570 at*4.

[6] *Id.* (declaration based on declarant's own experiences and conversations with other employees was sufficient).

conclusions of the Magistrate Judge. Accordingly, Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members (D.E. 18) is **GRANTED.** The Court **ORDERS** the parties to file a proposed joint notice to potential plaintiffs and a proposed joint notice of consent within seven (7) days of this Order.

ORDERED this 9th day of October, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE